JACKSON LEWIS P.C.
Barry Alan Johnsrud, WSBA #21952
Sherry L. Talton, WSBA #42780
520 Pike Street, Suite 2300
Seattle, WA 98101
206-405-0404
Barry.johnsrud@jacksonlewis.com
sherry.talton@jacksonlewis.com
Attorneys for Defendant American Medical Response Ambulance Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HALEY KARNITZ, Individually<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC.,<br><br>Defendant. | No.<br><br>**NOTICE OF REMOVAL (Diversity)**<br><br>**(from Spokane County Superior Court, Case No. 18-2-05015-32)** |

TO:         The Honorable Judges of the U.S. District Court for the Eastern District of Washington;

AND TO:   Haley Karnitz, Plaintiff;

AND TO:   Spencer Nathan Thal, Vanguard Law, LLC, Attorney for Plaintiff.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant American Medical Response Ambulance Service, Inc. ("AMR") by and through its undersigned attorneys, hereby remove this action from the Superior Court of Washington for Spokane County to this Court on the ground of diversity

NOTICE OF REMOVAL - 1
(CASE NO. _____)

jurisdiction. 28 U.S.C. §§ 1332, 1441, and 1446. The Complaint showed complete diversity of citizenship, but the amount in controversy was indeterminable on the face of the Complaint. Another paper recently provided by Plaintiff's counsel demonstrates for the first time that the amount in controversy exceeds $75,000. Defendant files this notice within 30 days of that other paper. Therefore, removal is timely. Accordingly, this matter should be removed.

The following statement is submitted pursuant to 28 U.S.C. § 1446:

## State Court Proceedings

1. Plaintiff filed her Original Complaint in the Superior Court of the State of Washington for Spokane County, designated as Case No. 18-2-05015-32, on or about November 8, 2018. *See* **Exhibit A**, Compl.; **Exhibit B**, Declaration of Barry Johnsrud, dated February 16, 2018 ("Johnsrud Decl.") at ¶¶ 1-2. Defendant was served with the Summons and the Complaint on November 20, 2018. *See id*.; Exhibit A, Notice of Service of Process.

2. Plaintiff has not filed a Jury Demand. *See* Exhibit B, Johnsrud Decl. at ¶ 3.

3. Defendant filed its Answer and Affirmative Defenses in the state court action on January 4, 2019. *Id*. at ¶ 4; **Exhibit C**, Answer.

## Diversity of Citizenship

4. Plaintiff is a citizen of Washington. *See* Exhibit A, Pl.'s Compl. ¶¶ 1.1, 2.1. She is a current employee of Defendant in Spokane, Washington. *Id*.

5. The principal place of business for a corporation has been defined as the location where a "corporation's officers direct, control, and coordinate the corporation's activities . . . and in practice should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-

NOTICE OF REMOVAL - 2
(CASE NO. _____)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

93, 130 S. Ct. 1181, 1192 (2010). Defendant is incorporated in Delaware and has its principal place of business in Colorado.[1] *See* **Exhibit D**, AMR, Contact, https://www.amr.net/contact (showing corporate headquarters in Greenwood Village, Colorado); **Exhibit E**, State of Delaware, Division of Corporations, File No. 2329549, Entity Details for American Medical Response Ambulance Service, Inc. at https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (showing incorporation in Delaware); **Exhibit F**, Secretary of State of Washington, Corporations, UBI Number 601469902 for American Medical Response Ambulance Service, Inc. at https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation (showing incorporation in Delaware with principal office in Colorado); *see also* Exhibit B, Johnsrud Decl. at ¶ 5; *see also* Exhibit A, Compl. ¶ 1.2 (admitting Defendant is a Delaware corporation).

6.   Accordingly, Defendant is a citizen of Colorado and Delaware.

7.   Complete diversity exists where each plaintiff is of diverse citizenship from each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *Bayley Const. v. Arch Specialty Ins. Co.*, No. C12-13 MJP, 2012 WL 2602838, at *2 (W.D. Wash. July 5, 2012) (holding that diversity jurisdiction exists where plaintiff was diverse from all defendants, regardless of whether two defendants were citizens of the same state). Here, Plaintiff is a citizen of Washington and Defendant is a citizen of Delaware and Colorado. As a result, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

---

[1] The principal place of business for a corporation has been defined as the location where a "corporation's officers direct, control, and coordinate the corporation's activities . . . and in practice should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

NOTICE OF REMOVAL - 3
(CASE NO. _____)

## Amount in Controversy

8. Plaintiff is current employee of Defendant suing for alleged workplace discrimination and retaliation under Washington state law. *See* Exhibit A, Compl. ¶¶3.1-6.3 & pages 8-9 (Prayer for Relief).

9. The amount in controversy is indeterminable from the face of the Complaint. The Complaint does not specify a dollar amount of the damages Plaintiff seeks. Instead, the Complaint requests for unspecified back pay and benefits, actual monetary losses, front pay and benefits, "other forms of economic losses and non-economic losses, including without limitation specific damages and general damages for mental anguish, emotional distress, and pain and suffering in an amount to be proven at trial," "statutory damages under RCW 49.12.175 and/or 49.58.070," and attorneys' fees. *Id*; *see Daily v. Kittitas Valley Health & Rehab. Ctr.*, No. CV-15-3061-LRS, 2015 U.S. Dist. LEXIS 82178, *7-10 (E.D. Wash. June 17, 2015) (concluding the amount in controversy was indeterminable from the face of the complaint, when it showed unspecified damages under common law and statutes, for some amount of money, and that amount would be determined at trial).

10. On February 9, 2019, Plaintiff's counsel presented Defendant's counsel with a draft of a required joint status report indicating that Plaintiff is seeking "in excess of $100,000 exclusive of interest and costs under RCW 7.06.020 as amended." *See* Exhibit B, Johnsrud Decl. at ¶ 6; *see also* **Exhibit G**, Draft Joint Status Report. This was the first time that Plaintiff presented any information from which Defendant could have reasonably ascertained that Plaintiff values her claim at or above the statutory amount in controversy to create diversity jurisdiction. *See* Exhibit B, Johnsrud Decl. at ¶¶ 6-7.

NOTICE OF REMOVAL - 4
(CASE NO. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

### **Timely Removal**

11. Defendant files this Notice of Removal within 30 days of receiving Plaintiff's draft Joint Status Report. Therefore, this notice of removal is timely. *See* 28 U.S.C. § 1446(b)(3).

### **Venue**

12. This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described Spokane County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

### **Notice to the State Court and to Plaintiff of Filing Notice of Removal**

13. Pursuant to 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendant has served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court. As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the Spokane County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

### **State Court Records**

14. Pursuant to 28 U.S.C. § 1446(a), the Complaint is separately attached to this Notice of Removal as Exhibit A. A Verification of State Court Records will be filed within fourteen (14) days of this Notice of Removal, which will include copies of the original pleadings, as well as copies of any additional records and proceedings appearing in the state court file, under a verification by counsel that these are true and complete copies of all the records and proceedings in the state court proceeding.

Based on the above, Defendant respectfully asks this Court to accept

NOTICE OF REMOVAL - 5
(CASE NO. _____)

removal jurisdiction of this action on the ground of diversity of citizenship because complete diversity exists, the amount in controversy exceeds $75,000, and removal is timely.

DATED this 19th day of February, 2019.

JACKSON LEWIS P.C.

By: *s/ Barry Alan Johnsrud*
Barry Alan Johnsrud, WSBA #21952

520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
barry.johnsrud@jacksonlewis.com
Attorney for Defendant

JACKSON LEWIS P.C.

By: *s/ Sherry Talton*
Sherry L. Talton, WSBA #42780
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
sherry.talton@jacksonlewis.com
Attorney for Defendant

NOTICE OF REMOVAL - 6
(CASE NO. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United State of America that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Spencer Nathan Thal
Vanguard Law Firm
P.O. Box 939
Poulsbo, WA 98370
Attorneys for Plaintiffs

DATED this 19th day of February, 2019.

_____
Leslie B. Foltz

4842-8846-8872, v. 1

NOTICE OF REMOVAL - 7
(CASE NO. _____)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404