THE HONORABLE ROSANNA MALOUF PETERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

HALEY KARNITZ, an individual

    Plaintiff,

v.

AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., a Delaware corporation,

    Defendant.

**CASE NO.  2:19-cv-00056 RMP**

**FIRST AMENDED COMPLAINT**

**JURY DEMAND**

### I. PARTIES, JURISDICTION AND VENUE

1.1 Plaintiff, Haley Karnitz, is an individual residing in Spokane County, Washington.

FIRST AMENDED COMPLAINT – Page 1
Case No.: 2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.2    Defendant American Medical Response Ambulance Service, Inc. ("AMR") is a Delaware Corporation doing business in Spokane County, Washington.

1.3    This Court has jurisdiction of federal law claims pursuant to 28 U.S.C. § 1331, and over the state law claims pursuant to 28 U.S.C § 1367(a).

1.4    This Court also has jurisdiction over all claims pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship as between the parties and the amount in controversy exceeds $75,000.

1.5    Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b) as the events underlying this complaint occurred within this judicial district.

1.6    Venue is also appropriate in this jurisdiction under 28 U.S.C. § 1441(a) as this matter was properly removed to this Court from Spokane County Superior Court.

1.7    Plaintiff has completed all prerequisites to suit including the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the filing of this first amended complaint within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue Letter.

## II.    FACTUAL ALLEGATIONS

2.1    AMR is an employer within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. §2000e(b), 42 U.S.C. § 12111(5), RCW 49.12.175, RCW 49.58.010(5), and RCW 49.60.180(11).

2.2    Haley Karnitz is, and at all times relevant to the complaint, was an employee of AMR, within the meaning of 29 U.S.C. § 203(e), 42 U.S.C. §2000e(f), 42 U.S.C. § 12111(4), RCW 49.12.175, RCW 49.58.010(4), and RCW 49.60.180(10).

FIRST AMENDED COMPLAINT – Page 2
Case No.:  2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.3     Ms. Karnitz was hired by AMR in February of 2009.

2.4     Ms. Karnitz was promoted to Paramedic in 2010.

2.5     Ms. Karnitz was promoted to Associate Supervisor in April of 2015.

2.6     Ms. Karnitz was promoted to Field Supervisor in October of 2015.

2.7     Ms. Karnitz was pregnant in early 2016.

2.8     During the course of Ms. Karnitz's pregnancy in 2016, AMR Operations Manager Patrick Ramsey directed Ms. Karnitz to climb into a dumpster, and fish out uniforms that someone had dumped into the dumpster.

2.9     Mr. Ramsey observed Ms. Karnitz as she performed this task and then—after they returned to his office—Mr. Ramsey sat behind his desk with his arms folded behind his head and directed Ms. Karnitz to "go pick that shit up off my floor."  Mr. Ramsey was referring to boxes and other garbage on his floor.

2.10    Ms. Karnitz completed the task as directed and returned to Mr. Ramsey's office to find his door shut.

2.11    Mr. Ramsey persisted in his discriminatory and bullying treatment of Ms. Karnitz, throughout the summer of 2016.

2.12    In this time frame, Ms. Karnitz approached Regional Director Paul Priest and complained about Mr. Ramsey's mistreatment of her.

2.13    Mr. Priest responded that Mr. Ramsey would not be with AMR for long and that Ms. Karnitz was the future of AMR.

2.14    Ms. Karnitz went on maternity leave in October of 2016.

2.15    Ms. Karnitz returned from maternity leave in January of 2017.

FIRST AMENDED COMPLAINT – Page 3
Case No.: 2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2.16    In this time frame, Ms. Karnitz was promoted to the position of Chief Operations Supervisor.

2.17    In connection with this promotion, Ms. Karnitz received no increase in pay.

2.18    Male supervisors who had been promoted to the position of Chief Operations Supervisor received an increase in pay.

2.19    In the Spring of 2017, Ms. Karnitz approached Mr. Priest about a pay increase because of the increase in responsibilities.  As she had a newborn at home, she wanted to know whether she was valued by the Company.

2.20    Mr. Priest informed her that pay increases were coming and that he needed to assign her to work at the Yakima facility and to fix the operation there.

2.21    Mr. Priest also indicated that Ms. Karnitz should plan to travel to a conference in Las Vegas and return with relevant material to improve the Spokane operation.

2.22    In this timeframe, Ms. Karnitz was breastfeeding her newborn child and Mr. Priest left it to Ms. Karnitz to decide when she wanted to begin the increased managerial responsibilities.

2.23    In April of 2017, Mr. Ramsey continued his campaign to undermine Ms. Karnitz. After Ms. Karnitz complained about this issue to Mr. Priest, Mr. Priest asked Ms. Karnitz for a chance to fix it and directed Ms. Karnitz to call out sick.  After she followed Mr. Priest's instructions, Mr. Ramsey reacted with aggressive criticism.

2.24    In late April, Ms. Karnitz met with Mr. Ramsey and Mr. Priest and Mr. Priest indicated that Ms. Karnitz was on a fast track for promotion.

2.25    In early May, Ms. Karnitz began experiencing post-partum depression.

2.26    Ms. Karnitz approached Mr. Priest and Mr. Ramsey in early May for feedback on her progress, and they reassured her that she was doing fine.

FIRST AMENDED COMPLAINT – Page 4
Case No.:  2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.27    Later that day, Ms. Karnitz reported to Mr. Priest and Mr. Ramsey that she was experiencing post-partum depression, that it was affecting her home and work life, and they she needed an accommodation to manage her temporary disability.

2.28    Suddenly, the entire orientation shifted.  Mr. Priest and Mr. Ramsey told her that the Company would not accommodate her, and that she was not meeting expectations.

2.29    Ms. Karnitz immediately sought and received professional medical help for her temporary disability.

2.30    Meanwhile, Mr. Priest and Mr. Ramsey pressured Ms. Karnitz to decide whether she wanted to continue in her leadership position with AMR.

2.31    During this time frame, Ms. Karnitz received a positive annual performance review, meeting or exceeding expectations in nearly all categories, with only one minor criticism.

2.32    In June of 2017, Mr. Ramsey removed Ms. Karnitz from the Chief Operations Supervisor position.

2.33    Instead of demoting Ms. Karnitz back to the Field Supervisor position—as had been the case with males who failed to succeed as Chief Operations Supervisor—Mr. Ramsey demoted Ms. Karnitz all the way back to the Paramedic position.

2.34    Other employees in the Chief Operations Supervisor position, including without limitation, Ed Palmer, were provided additional assistance, and when demoted, were not demoted as adversely as Ms. Karnitz was demoted.

2.35    After demoting Ms. Karnitz, Mr. Ramsey began a campaign to disparage, undermine and discriminate against Ms. Karnitz because of her efforts to resist his discriminatory behavior towards her.

FIRST AMENDED COMPLAINT – Page 5
Case No.:  2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.36    Despite repeated requests, the Company has failed to constrain Mr. Ramsey in his campaign to undermine Ms. Karnitz's career at AMR.

2.37    Specifically, Mr. Ramsey has directed others to show no flexibility to Ms. Karnitz in situations where supervisors routinely show flexibility towards similarly situated employees.  In addition, Mr. Ramsey recently directed a supervisor to require to tell Ms. Karnitz to go home or run calls instead of performing inventory, treating her differently than another employee who was paid overtime and given a day off to perform inventory.

2.38    In addition, the Company has refused to confirm or share a positive letter of commendation from a local fire chief relating to Ms. Karnitz work performance while regularly posting kudos letters for other crew members.

2.39    As a result of Defendant's discriminatory employment practices, pay practices and/or working conditions, and as a result of the Defendant's discriminatory and/or retaliatory work environment, Plaintiff has suffered substantial economic losses and loss of opportunity in an amount to be proven at trial.

2.40    As a result of Defendant's discriminatory hiring practices, pay practices, and/or working conditions, and as a result of the Defendant's discriminatory and/or retaliatory work environment, Plaintiff has suffered general damages including pain and suffering and emotional distress, in an amount to be proven at trial.

2.41    After filing the lawsuit, Defendant has continued to retaliate against Plaintiff in her terms and conditions of employment, and has treated her differently than similarly situated employees.

FIRST AMENDED COMPLAINT – Page 6
Case No.:  2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

### III.     FIRST CAUSE OF ACTION
### Sex Discrimination/Pregnancy Discrimination
### Title VII of the Civil Rights Act
### 42 U.S.C. § 2000e-2

3.1     Plaintiff realleges paragraphs 1.1 through 2.41 as though fully set forth herein.

3.2     Defendant's actions and/or omissions constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 because of her sex and/or pregnancy.

3.3     As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.     SECOND CAUSE OF ACTION
### Sex Discrimination
### Washington Law Against Discrimination
### RCW 49.60.180

4.1     Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2     Defendant's actions and/or omissions constitute violations of RCW 49.60.180.

4.3     As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### V.     THIRD CAUSE OF ACTION
### Disability Discrimination and/or Failure to Reasonably Accommodate
### Americans With Disabilities Act
### 42 U.S.C. § 12112

5.1     Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2     Defendant failed and/or refused to accommodate Plaintiff's disability and/or discriminated against Ms. Karnitz because of her disability in violation of 42 U.S.C. § 12112.

FIRST AMENDED COMPLAINT – Page 7
Case No.: 2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

5.3     As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## VI.    FOURTH CAUSE OF ACTION
### Disability Discrimination and/or Failure to Reasonably Accommodate
### Washington Law Against Discrimination
### RCW 49.60.180

6.1     Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2     Defendant failed and/or refused to accommodate Plaintiff's disability and/or discriminated against Ms. Karnitz because of her disability in violation of RCW 49.60.180.

6.3     As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## VII.   FIFTH CAUSE OF ACTION
### Sex-Based Pay Discrimination
### Equal Pay Act
### 29 U.S.C. § 206(d)

7.1     Plaintiff realleges paragraphs 1.1 through 6.3 as though fully set forth herein.

7.2     Defendant has engaged in pay discrimination on the basis of sex in violation of 29 U.S.C. § 206(d).

7.3     As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## VIII.  SIXTH CAUSE OF ACTION
### Sex-Based Pay Discrimination
### RCW 49.12.175 and/or RCW 49.58.020 and RCW 49.58.030

8.1     Plaintiff realleges paragraphs 1.1 through 7.3 as though fully set forth herein.

FIRST AMENDED COMPLAINT – Page 8
Case No.: 2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

8.2     Defendant has engaged in pay discrimination on the basis of sex and/or has undermined Plaintiff's career progression and pay based on sex in violation of RCW 49.12.175 and/or RCW 49.58.020 and RCW 49.58.030.

8.3     As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## IX.     SEVENTH CAUSE OF ACTION
### Retaliation
### Title VII of the Civil Rights Act
### 42 U.S.C. § 2000e-3

9.1     Plaintiff realleges paragraphs 1.1 through 8.3 as though fully set forth herein.

9.2     Defendant's actions and/or omissions constitute violations of 42 U.S.C. § 2000e-3.

9.3     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## X.     EIGHTH CAUSE OF ACTION
### Retaliation
### Washington Law Against Discrimination
### RCW 49.60.210

10.1     Plaintiff realleges paragraphs 1.1 through 8.3 as though fully set forth herein.

10.2     Defendant's actions and/or omissions constitute violations of RCW 49.60.210.

10.3     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

FIRST AMENDED COMPLAINT – Page 9
Case No.: 2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting the following relief:

1. An order finding that Defendant discriminated against Plaintiff because of her sex, or pregnancy;

2. An order finding that Defendant discriminated against Plaintiff because of her disability and/or failed to reasonably accommodate her disability as required by law;

3. An order finding that defendant retaliated against Plaintiff because she raised and/or complained about discrimination with respect to promotional opportunities, hiring opportunities, pay, and/or other terms and conditions of employment

4. An order granting Plaintiff full back pay and benefits and other actual monetary losses in an amount to be proven at trial as a result of the discriminatory and/or retaliatory actions and/or omissions;

5. An order granting Plaintiff front pay and benefits designed to adequately compensate Plaintiff for loss of future wages and other economic losses in an amount to be proven at trial;

6. An order granting Plaintiff an award of damages for all other forms of economic losses and non-economic losses, including without limitation specific damages and general damages for mental anguish, emotional distress, and pain and suffering in an amount to be proven at trial;

FIRST AMENDED COMPLAINT – Page 10
Case No.: 2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

7.  Statutory damages and penalties as permitted under law;

8.  An order granting Plaintiff her attorney's fee, along with costs incurred in prosecuting this action in an amount to be proven at trial;

9.  Pre-judgment and post-judgment interest; and

10. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 13th day of March, 2019.

VANGUARD LAW, LLC

By: */s/ Spencer Nathan Thal*
Spencer Nathan Thal, WSBA # 20074
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone:  (206) 488-8344
spencer@vanguardlawfirm.com
*Attorney for Plaintiff*

FIRST AMENDED COMPLAINT – Page 11
Case No.:  2:19-cv-00056 RMP

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344