HONORABLE ROSANNA MALOUF PETERSON

JACKSON LEWIS P.C.
Barry Alan Johnsrud, WSBA #21952
Sherry L. Talton, WSBA #42780
520 Pike Street, Suite 2300
Seattle, WA 98101
206-405-0404
Barry.johnsrud@jacksonlewis.com
sherry.talton@jacksonlewis.com
Attorneys for Defendant American Medical Response
Ambulance Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HALEY KARNITZ, an individual, | No. 2:19-cv-00056 RMP |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |
| v. | |
| AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., a Delaware corporation, | |
| Defendants. | |

Defendant American Medical Response Ambulance Service, Inc. ("AMR"), by and through its undersigned counsel, answers Plaintiff's Complaint and alleges affirmative defenses as follows:

## I. PARTIES, JURISDICTION AD VENUE

1.1  Admitted.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED
COMPLAINT - 1
(Case No. 2:19-cv-00056 RMP)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1.2     Admitted.

1.3     Admitted.

1.4     Admitted.

1.5     Admitted.

1.6     Admitted.

1.7     Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC and filed her First Amended Complaint within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue Letter. Defendant denies the remaining express and implied allegations of this paragraph.

## II. FACTUAL ALLEGATIONS

2.1     Defendant admits that it is an "employer" as defined in 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5), and RCW 49.58.010(5). Defendant denies the remaining express and implied allegations of this paragraph.

2.2     Defendant admits that Plaintiff is, and at all times relevant to the complaint, was an "employee" as defined in 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5), and RCW 49.58.010(5). Defendant denies the remaining express and implied allegations of this paragraph.

2.3     Admit.

2.4     Defendant admits that it promoted Plaintiff from the position of part-time EMT-B to full-time Paramedic in 2010.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 2
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2.5     Defendant admits that Plaintiff may have served as "relief supervisor" on an as-needed basis beginning in approximately April of 2015. Defendant denies this was a promotion.

2.6     Defendant admits that Plaintiff was promoted to the role of Operations Supervisor, which is sometimes referred to as a "field supervisor," in October 2015.

2.7     Admit.

2.8     Defendant admits that Mr. Ramsey directed Plaintiff to ensure that uniforms in good condition that were thrown in a dumpster were retrieved from the dumpster. Defendant denies that Mr. Ramsey required Plaintiff to personally remove the uniforms from the dumpster or that anyone should climb into the dumpster.

2.9     Deny.

2.10    Deny.

2.11    Deny.

2.12    Defendant admits that in approximately early 2017, Plaintiff complained to Mr. Priest about her concerns about receiving phone calls when she was off-duty in the evenings, the chain of command, communications with Mr. Ramsey, and the need for more training. Defendant denies the remaining express and implied allegations of this paragraph.

2.13    Deny.

2.14    Admit.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 3
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2.15    Admit.

2.16    Defendant admits that Plaintiff began serving as an administrative operations supervisor, also called chief operations supervisor, after she returned from maternity leave in January 2017. Defendant denies that this new assignment was a promotion.

2.17    Defendant admits that Plaintiff did not receive a change in her compensation in January 2017 because the role of administrative operations supervisor does not typically involve a change in compensation from the role of operations supervisor.

2.18    Deny.

2.19    Defendant admits that, in approximately January of 2017, Plaintiff inquired about whether she would receive a pay increase for serving in the role of administrative operations supervisor. Mr. Priest explained that the role does not involve an automatic pay raise and that any possible pay increases would be based upon future performance. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore, denies them.

2.20    Deny.

2.21    Deny.

2.22    Defendant lacks sufficient information and knowledge to admit or deny whether or when Plaintiff breastfed her child. Defendant denies the remaining express and implied allegations of this paragraph.

2.23    Defendant denies that Mr. Ramsey engaged in any campaign to undermine Plaintiff. Defendant admits that in approximately January of 2017,

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 4
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1 Plaintiff called Mr. Priest late one night about her concerns about receiving phone calls when she was off-duty in the evenings, the chain of command, communications with Mr. Ramsey, and the need for more training. Plaintiff stated that she wanted to quit. Mr. Priest suggested that she take a couple days off instead. In response to her concerns, Mr. Priest and Mr. Ramsey developed a training document that they presented to her in February 2017. Defendant denies the remaining express and implied allegations of this paragraph, and therefore, denies them.

2.24    Deny.

2.25    Defendant denies that Plaintiff ever informed Mr. Priest, Mr. Ramsey, or human resources that she was experiencing post-partum depression. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph, and therefore, denies them.

2.26    Deny.

2.27    Defendant admits that, after her superiors raised concerns about her performance in May of 2017, Plaintiff expressed that stressors in her home life were impacting her work and relayed that she was going to make some changes to address that. Defendant admits that it allowed Plaintiff to adjust her work schedule to accommodate her need to get her children to and from childcare and that Mr. Priest and Mr. Ramsey recommended that she seek the assistance of Defendant's EAP program. Defendant denies that Plaintiff ever mentioned suffering from post-partum depression or requested any accommodation for a disability to Mr. Priest or Mr. Ramsey. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore, denies them.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 5
(Case No. 2:19-cv-00056 RMP)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2.28    Defendant denies that "suddenly, the entire orientation shifted" and that Mr. Priest or Mr. Ramsey denied Plaintiff any accommodation for any disability.  Defendant admits that Plaintiff requested a schedule change to help with transporting her children to and from childcare that Defendant accommodated.  Defendant admits that Plaintiff asked to work from home and that request was denied due to the nature of her job.  Defendant admits that Mr. Priest and Mr. Ramsey explained that Plaintiff was not meeting expectations. Defendant denies the remaining express and implied allegations of this paragraph.

2.29    Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore, denies them.

2.30    Defendant admits only that Mr. Priest and Mr. Ramsay gave Plaintiff time off to decide whether she wished to stay in her current role.  Defendant denies the remaining express and implied allegations of this paragraph.

2.31    Defendant admits that on June 1, 2017, she was provided with a Supervisor Performance Appraisal in which she was rated as "meets expectations" or "exceeds expectations" in the categories rated.  Defendants admit that the performance appraisal instructed Plaintiff to get in-person training to become more proficient with Outlook and to work on inventory. Defendant also admits that the Performance Appraisal noted that "multiple things come her way which had overwhelmed" Plaintiff and she had "a difficult time in this position in multi-tasking" and "delegating tasks that some of her team could help with." Defendant denies the remaining express and implied allegations of this paragraph, including that this feedback was minor.

2.32    Admit.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 6
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2.33    Defendant admits that it demoted Plaintiff to the role of Paramedic, for legitimate business reasons.  Defendant admits that Ed Palmer was transferred from the role of administrative operations supervisor to operations supervisor (also known as field supervisor) Defendant denies that Plaintiff and Mr. Palmer were substantially similar in all material respects.  Defendant denies any remaining allegation of this paragraph.

2.34    Deny.

2.35    Deny.

2.36    Deny.

2.37    Deny.

2.38    Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore, denies them.

2.39    Deny.

2.40    Deny.

2.41    Deny.

### III.    FIRST CAUSE OF ACTION
### Sex Discrimination/Pregnancy Discrimination
### Title VII of the Civil Rights Act
### 42 U.S.C § 2000e-2

3.1    Defendant incorporates its answers to paragraphs 1.1-2.41 as though fully set forth herein.

3.2    Deny.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 7
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

3.3    Deny.

## IV.    SECOND CAUSE OF ACTION
### Sex Discrimination
### Washington Law Against Discrimination
### RCW 49.60.180

4.1    Defendant incorporates its answers to paragraphs 1.1-3.3 as though fully set forth herein.

4.2    Deny.

4.3    Deny.

## V. THIRD CAUSE OF ACTION
### Disability Discrimination and/or Failure to Reasonably Accommodate
### Americans With Disabilities Act
### 42 U.S.C. §12112

5.1    Defendant incorporates its answers to paragraphs 1.1-4.3 as though fully set forth herein.

5.2    Deny.

5.3    Deny.

## VI.    FOURTH CAUSE OF ACTION
### Disability Discrimination and/or Failure to Reasonably Accommodate
### Washington Law Against Discrimination
### RCW 49.60.180

6.1    Defendant incorporates its answers to paragraphs 1.1-5.3 as though fully set forth herein.

6.2    Deny.

6.3    Deny.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 8
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

### VII. FIFTH CAUSE OF ACTION
### Sex-Based Pay Discrimination
### Equal Pay Act
### 29 U.S.C. § 206(d)

7.1    Defendant incorporates its answers to paragraphs 1.1-6.3 as though fully set forth herein.

7.2    Deny.

7.3    Deny.

### VIII. SIXTH CAUSE OF ACTION
### Sex-Based Pay Discrimination
### RCW 49.12.175 and/or RCW 49.58.020 and RCW 49.58.030

8.1    Defendant incorporates its answers to paragraphs 1.1-7.3 as though fully set forth herein.

8.2    Deny.

8.3    Deny.

### IX. SEVENTH CAUSE OF ACTION
### Retaliation
### Title VII of the Civil Rights Act
### 42 U.S.C. § 2000e-3

9.1    Defendant incorporates its answers to paragraphs 1.1-8.3 as though fully set forth herein.

9.2    Deny.

9.3    Deny.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 9
(Case No. 2:19-cv-00056 RMP)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## EIGHTH CAUSE OF ACTION
### Retaliation
### Washington Law Against Discrimination
### RCW 49.60.210

10.1 Defendant incorporates its answers to paragraphs 1.1-9.3 as though fully set forth herein.

10.2  Deny.

10.3  Deny.

## JURY DEMAND

Admit.

## PRAYER FOR RELIEF

In response to Plaintiff's "Prayer for Relief," Defendant denies any liability to Plaintiff purportedly alleged in the Complaint. Defendant further denies Plaintiff is entitled to any relief, in law or in equity, requested or not, including that requested in Paragraphs 1 through 10 of Plaintiff's "Prayer for Relief" or elsewhere in Plaintiff's First Amended Complaint.

## GENERAL DENIAL

Any allegations or statements in the First Amended Complaint, including Plaintiff's Prayer for Relief, not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

By way of further answer and without waiving any allegations previously denied, the following affirmative defenses are asserted.

1. Plaintiff has failed to state a claim upon which relief can be granted.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 10
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

2. Plaintiff's damages, if any, were proximately caused by or contributed to by acts, omissions, breaches of contract and/or other legal duties of the Plaintiff.

3. Plaintiff was an at-will employee.

4. Plaintiff has failed to mitigate the alleged damages, if any.

5. The conduct of Defendant was reasonable and undertaken in good faith.

6. To the extent Plaintiff proves Plaintiff was subjected to any unlawful harassment, it did not result in a tangible or adverse employment action.

7. Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior to which Plaintiff was allegedly subjected.

8. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant, or otherwise failed to avoid harm.

9. To the extent Plaintiff seeks punitive damages, Defendant had an express policy against harassment and a formal complaint procedure, and, to the extent, if any, Plaintiff was subjected to harassment, such harassment was beyond the scope of employment of the person or persons allegedly harassing Plaintiff and contrary to the policies and efforts of Defendant to prevent harassment in its workplace.

10. Plaintiff's damages are limited by the doctrine of after acquired evidence.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 11
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

11. In the event a judgment is rendered in favor of the Plaintiff, or there is compromise of this doubtful and disputed claim, this Defendant is entitled to an offset for any advance payment of funds made by this Defendant toward payment of Plaintiff's wage loss, medical expenses or other related damages.

12. Pending further discovery, Plaintiff's claims may be barred by the doctrines of estoppel, laches and other defenses set forth in Fed. R. Civ. P. 8(c).

13. Pending further discovery, some or all of the claims in the Complaint may be barred by appropriate statutes of limitation.

14. Pending further discovery, Plaintiff failed to exhaust administrative and internal procedures to remedy the situation.

15. Pending further discovery, Plaintiff's claims may be subject to the defenses set forth in Fed. R. Civ. P. 12(b).

16. Without modifying Defendant's answers to Plaintiff's allegations in the Complaint, if a trier of fact were to conclude that any protected status or activity motivated, even in part, any employment decision challenged by Plaintiff, which Defendant expressly denies, Defendant affirmatively states that the same decision(s) would have been made without consideration of any protected status or activity.

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 12
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## RESERVATION OF RIGHTS

In further answer, Defendants reserve the right to add additional defenses and make further claims as may be warranted by discovery.

DATED this 27th day of March, 2019.

           JACKSON LEWIS P.C.


By: *s/ Barry Alan Johnsrud*
Barry Alan Johnsrud, WSBA #21952
Sherry L. Talton, WSBA #42780
520 Pike Street, Suite 2300
Seattle, WA 98101
206-405-0404
Barry.Johnsrud@jacksonlewis.com
Sherry.talton@jacksonlewis.com

Attorneys for Defendant

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 13
(Case No. 2:19-cv-00056 RMP)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Spencer Nathan Thal, WSBA # 20074
Vanguard Law, LLC
P.O. Box 939
Poulsbo, WA 98370
206-488-8344
spencer@vanguardlawfirm.com

Attorney for Plaintiff

DATED this 27th day of March, 2019.

Pauline R. Lopez

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT - 14
(Case No. 2:19-cv-00056 RMP)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404